**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name:  06a0212n.06
Filed:  March 28, 2006

**05-3301**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| JAY E. ORZECHOWSKI, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| Y O R K   I N T E R N A T I O N A L | ) | NORTHERN DISTRICT OF OHIO |
| CORPORATION, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

Before:  DAUGHTREY and McKEAGUE, Circuit Judges, and McCALLA,[*] District Judge.

PER CURIAM.  The plaintiff, Jay Orzechowski, appeals from the grant of summary judgment to defendant York International Company, the plaintiff's former employer. Orzechowski contends that York wrongfully terminated his employment in breach of an implied contract and in violation of state law prohibiting discrimination against employees with disabilities.  The defendant contends that we lack jurisdiction to hear the appeal because Orzechowski failed properly to specify the "court to which appeal is taken," as required by Federal Rule of Appellate Procedure 3(c)(1)(C).  Orzechowski filed a timely

---

[*]The Hon. Jon Phipps McCalla, United States District Judge for the Western District of Tennessee, sitting by designation.

notice of appeal, but it recited that the appeal was taken to the District Court for the Northern District of Ohio, rather than to the Sixth Circuit Court of Appeals. We conclude that, under existing circuit precedent, we have jurisdiction to review the district court's judgment but, further, that there is no basis upon which to disturb that judgment.

## **JURISDICTION**

The notice of appeal in question stated that the plaintiff "hereby appeals to the United States District Court for the Northern District of Ohio, Eastern Division, from an Order dismissing Plaintiff's case entered in this action on the 3rd day of February, 2005." Relying on two unpublished opinions, York argues that "compliance with Rule 3(c) is 'mandatory and jurisdictional,'" and that as a result of Orzechowski's error this court lacks jurisdiction over this appeal. What York fails to address is our en banc decision in *Dillon v. United States*, in which we held that:

> [W]hile the requirements of Rule 3(c) are jurisdictional in the sense that a notice of appeal must explicitly name the court to which an appeal is taken when there is more than one potential appellate forum, where only one avenue of appeal exists, Rule 3(c)(1)(C) is satisfied even if the notice of appeal does not name the appellate court. Under the latter circumstances, filing the notice of appeal with the clerk of the district court from whose judgment the appeal is taken has the practical effect of designating the appropriate court of appeals and thereby eliminating any possible confusion with respect to the appellate forum.

184 F.3d 556, 557 (6th Cir. 1999) (en banc) (internal citation omitted). *See also Caudill v. Hollan*, 431 F.3d 900, 905 (6th Cir. 2005) ("[I]f the notice of appeal was technically

deficient, we hold that such a technical deficiency should not prevent us from reaching the merits of the appeal, nor does such a technical deficiency divest us of jurisdiction to hear the appeal. To rule otherwise would be to rely on an overly technical reading of Fed. R. App. P. 3(c).").

Although in this case Orzechowski did not merely omit the name of the court to which he was appealing but, instead, incorrectly identified the intended court, it is clear that he was appealing to the Sixth Circuit. Moreover, there was no prejudice to York, and Orzechowski eventually corrected the error.[1] We hold that the careless but obviously unintentional error does not defeat jurisdiction in this case.

York also argues that we lack jurisdiction to hear Orzechowski's appeal of the dismissal of his promissory estoppel claim because the notice of appeal does not specify his intent to appeal the February 14, 2003, dismissal of that claim. However, "[i]t has long been the rule 'that an appeal of a final judgment draws into question all prior non-final rulings and orders.'" *Caudill*, 431 F.3d at 904. Moreover, this issue is of little consequence. Although Orzechowski attempts to revive his promissory estoppel claim on appeal, he does

---

[1]In a letter dated July 20, 2005, Orzechowski's attorney informed the court that:

The Notice of Appeal incorrectly indicates that the Appellant is appealing to the U.S. District Court for the Northern District of Ohio. This was an unintentional typographical error and should instead designate the Sixth Circuit Court of Appeals as the Court Appellant is appealing to.

so by rolling the promissory estoppel claim into his breach of contract claim. The breach of contract claim is clearly within our jurisdiction.

## FACTUAL AND PROCEDURAL BACKGROUND

Orzechowski worked for York from February 1, 1991, until he was terminated on October 31, 2000. During his employment he "shipped and received freight; pulled orders for York's trucks; handled customer pickups and customer relations; coordinated freight and performed warehouse maintenance." On August 25, 1999, Orzechowski injured his back while "pulling orders." Despite his injury, Orzechowski continued to work his regular hours and duties until he was diagnosed by Dr. Goliat with a herniated disk on October 8, 1999, and was advised not to work for two weeks. He returned to work on October 25, 1999. According to Orzechowski, on October 27, 1999, the operations manager sent him to the emergency room because his condition became so severe.

Orzechowski was placed on leave on October 28, 1999, under the Family and Medical Leave Act. For the first eight weeks of his leave, Orzechowski received salary continuation. From December 24, 1999, through the end of April 2000, he received short-term disability. On May 1, 2000, Orzechowski began receiving long-term disability benefits. Under York's policy, Orzechowski had one year from his last day of work to return and, if he failed to do so, was subject to immediate termination. If terminated, however, Orzechowski could continue to receive long-term disability benefits, as long as he paid the monthly premium.

There is some disagreement as to when the countdown began for Orzechowski's return to work. According to Orzechowski, he was informed that he had one year from the date he went on disability to return to work, *i.e.*, May 1, 2001. York disputes this and notes that under its policy, Orzechowski needed to return to work within one year from the last day he worked, October 27, 2000, in order to avoid termination. Despite the dispute over this date, it is important to note that Orzechowski was not medically released to work until July 11, 2002. Thus, as the magistrate judge noted, "Plaintiff has not introduced evidence showing he was capable to return to work prior to May 1, 2001. Therefore, as York asserts, even assuming Plaintiff's assertion [regarding his termination date] as true, Plaintiff has not shown that he would not have been terminated on May 31, 2001."

Orzechowski contends that he attempted to return to work part-time in August 2000, as allowed by York's "part-time work incentive program." The part-time work provision, which appears in the explanation of York's disability policy in its employee handbook and forms the basis for the alleged implied contract in the complaint, states:

> The Company realizes that disability causes many changes in your life. We want to encourage you to return to work even on a part-time basis if you are capable and you feel it will help you in your adjustment to life with a disability.
>
> If you are able to return to work on a part-time basis while you are receiving LTD benefits, you will continue to receive benefits in addition to your part-time pay.
>
> The Part-time Work Incentive provision is very simple. During the first 12 months of a return to work, your LTD benefits will not be offset by any "return to work" earnings, until these benefits combined with your return-to-work earnings exceed your pre-disability earnings (your base monthly pay in effect just prior to the date your disability began).

This provision of the disability plan offered by York and administered by Aetna applies to part-time employment regardless of whether that employment was through York or a different employer. Orzechowski was told it might be "feasible" to come back part-time, but apparently there were no available part-time jobs, and he did not return to work at York prior to his eventual termination.

Almost two years later, on July 8, 2002, Orzechowski contacted Payton regarding the possibility of returning to York on a part-time basis. Payton informed him that he would need to attain a release from his physician and that there would need to be a part-time position available for him to return to York. She also told Orzechowski that there were no available part-time positions at that time but reminded him that he was "free to pursue part-time work with other employers." Orzechowski was medically released a few days later, on July 11, 2002, and began working part-time as an usher and projectionist at a local movie theater.

On October 25, 2002, Orzechowski filed a complaint against York in state court alleging: (1) breach of contract; (2) promissory estoppel; (3) intentional infliction of emotional distress; (4) negligent infliction of emotional distress; (5) violation of good faith and fair dealing; (6) violation of public policy; and (7) handicap discrimination in violation of Ohio state law. York removed this action to the United States District Court for the Northern District of Ohio on the basis of diversity of citizenship and filed a motion to dismiss

for failure to state a claim. The district court granted the motion as to Orzechowski's claims of promissory estoppel, intentional and negligent infliction of emotional distress, and violation of good faith and fair dealing. The motion was denied as to Orzechowski's claims of breach of contract, violation of public policy, and handicap discrimination.

York then filed a motion for summary judgment that was referred to a magistrate judge, who found that there was no implied contract between York and Orzechowski as to part-time employment. The judge also found no basis for relief based on the plaintiff's theory of promissory estoppel. As to the remaining claims, the judge found that the plaintiff had failed to establish that he had suffered discrimination as a result of a disability or that his termination violated Ohio state law. The district court adopted the magistrate judge's report and recommendation that there were no sustainable grounds for relief and dismissed the complaint on summary judgment.

**ANALYSIS**

York correctly notes that Orzechowski does not cite any legal error in the district court's determination, nor does he allege that there are disputed issues of fact. After examining the record on appeal, the briefs, and the applicable law, we conclude that the magistrate judge correctly analyzed and decided the issues in this case. In light of the opinion below, the issuance of a full, written opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court

based upon the reasoning set out in the report and recommendation of the magistrate

judge adopted by the district court in its order of February 3, 2005.